# EMERY CELLI BRINCKERHOFF & ABADY LLP

RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
ILANN M. MAAZEL
ERIC HECKER
MARIANN MEIER WANG
SARAH NETBURN
KATHERINE ROSENFELD
O. ANDREW F. WILSON
ELIZABETH SAYLOR
KENNISHA AUSTIN
DEBBIE GREENBERGER
ELORA MUKHERJEE

ATTORNEYS AT LAW
75 ROCKEFELLER PLAZA
NEW YORK, NEW YORK 10019

TELEPHONE
(212) 763-5000
TELECOPIER
(212) 763-5001
WEB ADDRESS
www.ecbalaw.com

*[MEMO ENDORSED stamp]*

*[Handwritten note:]*
1. Application to reconsider the 60 day extension is denied.
2. No correspondence should be sent to the Court that is not simultaneously copied to opposing counsel, but the Court will not impose record keeping requirements on either counsel.
3. The Court expects both counsel to cooperate with each other.
So Ordered.
/s/ JGK[oeltl]
U.S.D.J.
4/18/08

April 17, 2008

**By Hand**

The Honorable John G. Koeltl
United States Courthouse
500 Pearl Street
New York, NY 10007

*[Stamp:]* USDS SDNY / DOCUMENT / ELECTRONICALLY FILED / DOC #: ___ / DATE FILED: 4/21/08

Re: *Lugo v. City of New York, et al.* 08-Civ-2931 (JGK)

Dear Judge Koeltl:

This firm, together with the Legal Aid Society, represents plaintiff Juan Pablo Lugo in the above-captioned case. On April 14, 2008, we received this Court's ruling on defendants' request for a 60-day extension of time to answer the complaint. Neither this firm nor our co-counsel at the Legal Aid Society received the City's original letter request.[1] Because the Court's ruling on the extension of time was made on an *ex parte* record, we respectfully request that the Court consider our position.

On April 8, 2008, defense counsel called me to request a 60-day extension of time to answer the Complaint. We consented to a 30-day extension, and I told defense counsel that we would oppose any application to the Court for a 60-day extension.

Our firm and the Legal Aid Society litigate many correction officer misconduct cases against the City – and in every case, the City requests this sixty-day extension. Given that the Federal Rules require litigants to respond to complaints within twenty days, it is not clear

---

[1] On April 15, 2008, I asked defense counsel why plaintiff was not copied on the application to the Court, and asked for a fax confirmation sheet if indeed plaintiff was copied. Defense counsel did not have a fax confirmation sheet and refused to retain fax confirmation sheets in this case for future reference. Defendants' position on this matter is inexplicable.

-1-

EMERY CELLI BRINCKERHOFF & ABADY LLP

why the City should routinely receive four times as much time as all other litigants to respond. The Federal Rules, judicial economy, and the plaintiff's interest in the speedy and efficient resolution of his claims all militate against creating a *de facto* municipality exception to the Federal Rules. The thirty-day extension granted by plaintiff to defendants here – giving them fifty days to respond – is more than adequate. Nor is there anything about this straightforward complaint – brought by a single plaintiff for excessive force and related misconduct – to necessitate such a large extension request.

The City tries to justify its request for a two-month delay on the grounds that it needs to (i) conduct further factual inquiry; (ii) determine if other defendants have been served; and then (iii) resolve representation issues. But nothing in this Complaint separates this case from any other where a defendant must answer allegations to the best of its knowledge in the time allotted by the Federal Rules. And Counsel need only look at the Court's docket sheet to see that *all* eight of eight named defendants have already been served. *See* Docket Entries Nos. 2-9. The City simply does not need two months of additional time to determine whether it will represent these defendants.

Accordingly, plaintiff requests that the Court grant defendants no more than a thirty-day extension to respond to the Complaint. We also request that the Court order defendants to (1) copy plaintiff contemporaneously with any future communications to the Court as is required by this Court's rules, and (2) maintain copies of fax confirmation sheets in case of disputes over service.

Respectfully Submitted,

Elora Mukherjee (EM 4011)
Jonathan S. Abady (JSA 5147)

cc:  ***By Fax***
Suzette Corinne Rivera
Assistant Corporation Counsel
212.788.9776 (fax)

***By Email***
Jonathan Chasan
Mary Lynne Werlwas
The Legal Aid Society