UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

JUAN PABLO LUGO, a/k/a NALDO REYES,

                        Plaintiff,

              - against -

CITY OF NEW YORK; COMMISSIONER
MARTIN F. HORN; CHIEF OF DEPARTMENT
CAROLYN THOMAS; DEPUTY
COMMISSIONER RICHARD R. WHITE;
CAPTAIN FREEMAN WILLIAMS, SHIELD #
824; OFFICER FRANK GAETA, SHIELD # 3523;
OFFICER URUNDI MCCOY, SHIELD # 3190;
OFFICER JAMES HOUSTON, SHIELD # 11043;
OFFICERS JOHN/JANE DOES #1-5,

                        Defendants.

------------------------------------------------------------------------x

**ANSWER**

08 CV 2931 (JGK)

**JURY TRIAL
DEMANDED**

       Defendant Officer Frank Gaeta, by his attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for his answer to the complaint respectfully allege, upon information and belief, as follows:

       1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action as set forth therein.

       2.     Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to proceed as set forth therein.

       3.     Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as set forth therein.

       4.     Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to base venue as set forth therein.

5. Paragraph "5" of the complaint sets forth a demand for a jury trial and accordingly, no response is required.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint, except admits that plaintiff purports to proceed as set forth therein.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that the City of New York is a municipal corporation and that it maintains a department of correction. Further, defendants respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between defendant City of New York and the New York City Department of Correction.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that the New York City Department of Correction is an agency of the City of New York, that Martin F. Horn is employed by the New York City Department of Correction as the commissioner, and that plaintiff purports to proceed as set forth therein.

9. Denies the allegations set forth in paragraph "9" of the complaint, except admits that the New York City Department of Correction is an agency of the City of New York, that Carolyn Thomas was employed by the New York City Department of Correction, and that plaintiff purports to proceed as set forth therein.

10. Denies the allegations set forth in paragraph "10" of the complaint, except admits that the New York City Department of Correction is an agency of the City of New York, that Richard R. White is employed by the New York City Department of Correction, and that plaintiff purports to proceed as set forth therein.

11. Denies the allegations set forth in paragraph "11" of the complaint, except admits that the New York City Department of Correction is an agency of the City of New York, that Freeman Williams is employed by the New York City Department of Correction, and that plaintiff purports to proceed as set forth therein.

12. Denies the allegations set forth in paragraph "12" of the complaint, except admits that the New York City Department of Correction is an agency of the City of New York, that Frank Gaeta is employed by the New York City Department of Correction, and that plaintiff purports to proceed as set forth therein.

13. Denies the allegations set forth in paragraph "13" of the complaint, except admits that the New York City Department of Correction is an agency of the City of New York, that Urundi McCoy is employed by the New York City Department of Correction, and that plaintiff purports to proceed as set forth therein.

14. Denies the allegations set forth in paragraph "14" of the complaint, except admits that the New York City Department of Correction is an agency of the City of New York, that James Houston is employed by the New York City Department of Correction, and that plaintiff purports to proceed as set forth therein.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Defendant states that the allegation set forth in paragraph "16" of the complaint is not an averment to which a response is required.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. Defendant states that the allegation set forth in paragraph "18" of the complaint is not an averment to which a response is required.

19. Defendant states that the allegation set forth in paragraph "19" of the complaint is not an averment to which a response is required.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "23" of the complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. Denies the allegations set forth in paragraph "37" of the complaint, except admits plaintiff was taken to Elmhurst Hospital.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. Denies the allegations set forth in paragraph "45" of the complaint, except admits that plaintiff commenced the instant action or about March 20, 2008.

46. In response to the allegations set forth in paragraph "46" of the complaint, defendant repeats and realleges the responses set forth set forth in paragraphs "1" through "45" of this answer as if fully set forth herein.

47. Denies the allegations set forth in paragraph "47" of the complaint.

48. Denies the allegations set forth in paragraph "48" of the complaint.

49. Denies the allegations set forth in paragraph "49" of the complaint.

50. Denies the allegations set forth in paragraph "50" of the complaint.

51. In response to the allegations set forth in paragraph "51" of the complaint, defendant repeats and realleges the responses set forth set forth in paragraphs "1" through "50" of this answer as if fully set forth herein.

52. Denies the allegations set forth in paragraph "52" of the complaint.

53. Denies the allegations set forth in paragraph "53" of the complaint.

54. Denies the allegations set forth in paragraph "54" of the complaint.

55. In response to the allegations set forth in paragraph "55" of the complaint, defendant repeats and realleges the responses set forth set forth in paragraphs "1" through "54" of this answer as if fully set forth herein.

56. Denies the allegations set forth in paragraph "56" of the complaint.

57. Denies the allegations set forth in paragraph "57" of the complaint.

58. Denies the allegations set forth in paragraph "58" of the complaint.

59. Denies the allegations set forth in paragraph "59" of the complaint.

60. Denies the allegations set forth in paragraph "60" of the complaint.

61. In response to the allegations set forth in paragraph "59" of the complaint, defendant repeats and realleges the responses set forth set forth in paragraphs "1" through "60" of this answer as if fully set forth herein.

62. Denies the allegations set forth in paragraph "60" of the complaint.

63. Denies the allegations set forth in paragraph "61" of the complaint.

64. Denies the allegations set forth in paragraph "62" of the complaint.

65. Denies the allegations set forth in paragraph "63" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

66. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

121. Defendants City of New York, Commissioner Martin F. Horn, Carolyn Thomas, Richard R. White, Captain Freeman Williams, Officer Frank Gaeta, Officer Urundi McCoy, Officer James Houston and Officer Frank Gaeta have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have they violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

122. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of non-parties and was not the proximate result of any act of defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

123. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion. Therefore, they are entitled to governmental immunity from liability.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

124. Defendants Commissioner Martin F. Horn, Carolyn Thomas, Richard R. White, Captain Freeman Williams, Officer Urundi McCoy, Officer James Houston and Officer Frank Gaeta have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and, therefore, is entitled to qualified immunity from liability

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

125. Plaintiff has failed to comply with G.M.L. §50(e) & (i), therefore, his state law claims are barred.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

126. Commissioner Martin F. Horn, Carolyn Thomas and Richard R. White were not personally involved.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

126. Plaintiff cannot obtain punitive damages as against the City of New York.

- 8 -

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

126.    This action may be barred, in whole or in part, by the applicable statute of limitations period.

Dated:      New York, New York
            June 25, 2008

                                MICHAEL A. CARDOZO
                                Corporation Counsel of the
                                  City of New York
                                Attorney for Defendants City of New York,
                                Commissioner Martin F. Horn, Carolyn Thomas,
                                Richard R. White, Captain Freeman Williams,
                                Officer Urundi McCoy, Officer James Houston and
                                Officer Frank Gaeta
                                100 Church Street, Room 3-196
                                New York, New York 10007
                                (212) 788-9567

                        By:     _____
                                Suzette Corinne Rivera
                                Assistant Corporation Counsel

TO:     Elora Mukherjee, Esq.
        Emery Celli Brinckerhoff & Abady